```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION

MERYL B. GOODFRIEND,            §
                                §
     Plaintiff,                 §
                                §
v.                              §    CIVIL ACTION NO. H-04-3728
                                §
HOUSTON INDEPENDENT SCHOOL      §
DISTRICT,                       §
                                §
     Defendant.                 §
```

MEMORANDUM AND ORDER

Pending is Defendant Houston Independent School District's Motion for Summary Judgment (Document No. 21). After carefully considering the motion, response, reply, and the applicable law, the Court concludes that the motion should be granted.

I.   Background

*Pro se* Plaintiff Meryl B. Goodfriend ("Goodfriend") brings this action against her former employer, Defendant Houston Independent School District ("Defendant" or "HISD"), asserting age discrimination under the Age Discrimination in Employment Act ("ADEA") and the Texas Commission on Human Rights Act ("TCHRA"). Goodfriend was an HISD teacher for 25 years until her termination in 2003, when she was 66 years of age. Document No. 21 at 3; Document No. 27 at 3. She was teaching at Lamar High School in 1997, when Dr. James McSwain ("McSwain") became principal and supervisor to Goodfriend. Document No. 27 at 3. From 1999 until

her termination, Goodfriend is alleged to have exhibited a pattern of deficiencies related to classroom management and handling of student discipline.  Document No. 21 at 4-5, ex. A-1 at 18-19. Defendant attempted to assist Goodfriend with these problems by placing her in a special remediation program.  Document No. 21 at 4, ex. A-1 ¶¶ 36, 39.  However, Defendant asserts that Goodfriend failed to improve. <u>Id.</u> at 4.  Both internal and independent evaluators who observed her teaching rated her "Below Expectations" and "Unsatisfactory" in nearly all categories.  Document No. 21 at 4-5, ex. A-1 ¶¶ 19, 23, 24, 40.  Throughout this period, school officials notified Goodfriend of her deficiencies, and in response to each notification, Goodfriend submitted a letter explaining her conduct and challenging the substance of the allegations.  Document No. 27 at 5.

School administrators temporarily reassigned Goodfriend out of the classroom on May 3, 2002.  Document No. 21 at 5.  The Superintendent of HISD recommended and its Board of Education subsequently proposed that Goodfriend's contract be terminated. <u>Id.</u>  Shortly thereafter, a 5-day long administrative hearing was held.  <u>Id.</u>  Based on the documentation of at least 45 instances of performance deficiencies, the hearing examiner recommended Goodfriend's termination.  <u>Id.</u>  The Board adopted this recommendation on July 3, 2003, which decision was upheld on appeal to the Commissioner of Education.  <u>Id.</u> at 6, ex. A-2.  Throughout these

extensive administrative proceedings, Goodfriend never complained that age discrimination was a motivating factor in the school district's decision to dismiss her.  Goodfriend did not challenge the dismissal decision in state court, but then filed a charge with the EEOC on April 14, 2004, in which for the first time she alleged age discrimination.  She received a right-to-sue letter about 10 weeks later, and filed this suit.

## II.  Standard of Review

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  Id.  "[T]he nonmoving party must set forth

specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

### III. Discussion

The ADEA and the Texas Commission on Human Rights Act ("TCHRA") proscribe an employer from discharging or otherwise discriminating against any individual because of such individual's age. *See* 29 U.S.C. § 623(a)(1); McClaren v. Morrison Mgmt.

4

Specialists, Inc., 420 F.3d 457, 461 (5th Cir. 2005) (explaining the TCHRA and ADEA age discrimination provisions are "substantively identical"). Absent direct evidence of age discrimination, claims pursuant to these statutes are analyzed under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 93 S. Ct. 1817 (1973). *See* Machinchick v. PB Power, Inc., 398 F.3d 345, 350 (5th Cir. 2005); Russell v. McKinney Hosp. Venture, 235 F.3d 219, 222 (5th Cir. 2000).[1] *See also* Wal-Mart Stores, Inc. v. Canchola, 121 S.W.3d 735, 739 (Tex. 2003) (per curiam) ("In discrimination cases [brought under the TCHRA] that have not been fully tried on the merits, we apply the burden-shifting analysis established by the United States Supreme Court."). Goodfriend does not contend that she has direct evidence of age discrimination, and the parties agree that her claims should be evaluated using the McDonnell Douglas framework. *See* Document No. 27 at 7-8. 11-12; Document No. 21 at 8-9. Under McDonnell Douglas, a plaintiff must first establish a prima facie case of age discrimination by showing that: (1) she was discharged; (2) she was qualified for her position at the time of the discharge; (3) she was within the protected class at the time of the discharge; and (4) she was either (i) replaced by a person outside the protected class, (ii) replaced by someone

---

[1] Although McDonnell Douglas is a Title VII case, the Fifth Circuit has held that the McDonnell Douglas framework is equally applicable to ADEA cases. *See*, *e.g.*, Patrick v. Ridge, 394 F.3d 311, 315 n.10 (5th Cir. 2004); Evans v. City of Houston, 246 F.3d 344, 349 (5th Cir. 2001).

younger, or (iii) otherwise discharged because of her age. Machinchick, 398 F.3d at 350 (citing Rachid v. Jack in the Box, Inc., 376 F.3d 305, 309 (5th Cir. 2004)).

Once the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions. Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2106 (2000). The burden on the employer at this stage "is one of production, not persuasion; it 'can involve no credibility assessment.'" Id. (quoting St. Mary's Honor Ctr. v. Hicks, 113 S. Ct. 2742, 2748 (1993)). If the employer sustains its burden, "the presumption of discrimination created by the plaintiff's prima facie case disappears and the plaintiff must meet its ultimate burden of persuasion on the issue of intentional discrimination." Machinchick, 398 F.3d at 350. The plaintiff may meet this burden by producing evidence tending to show (1) that the reason offered by the employer is not true, but is instead a pretext for discrimination, or (2) that the employer's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's age. Id.; Rachid, 376 F.3d at 312; Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 899 (5th Cir. 2002) ("[Plaintiff] must adduce evidence supporting an inference that [Defendant's] motive was age-based animus, or at the least, that [Defendant's] explanation of its motive is false.").

Defendant contends that Goodfriend cannot establish the fourth element of her prima facie case, namely, that Defendant replaced her with someone younger or that she was terminated because of her age. *See* Document Nos. 21 at 11-14; 28 at 2-6. Goodfriend admits she is unable to ascertain who, if anyone, filled her position, attributing this inability to Defendant's practice of hiring teachers by "teacher units"--i.e., according to a "master schedule" that "changes every summer"--which renders it impossible to identify any teacher's replacement. Document No. 27 at 9-10, ex. A at 19:10-19, ex. B. Nonetheless, the school district's teacher assignment practice does not "insulat[e] the defendant against all legitimate claims of age discrimination[,]" Document No. 27 at 10, because she may alternatively establish a prima facie case by showing the existence of discriminatory intent. *See* Martin v. Bayland, Inc., 403 F. Supp. 2d 578, 583-84 (S.D. Tex. 2005)(noting plaintiff's inability to prove his replacement by a member of the non-protected class because his position was redistributed among existing workers and analyzing instead plaintiff's evidence of the employer's motive for discharging him). Thus, while it is not essential that Goodfriend prove that she was replaced by a younger teacher, she must at least present evidence which "'create[s] an inference that an employment decision was based on a[n illegal] discriminatory criterion . . . .'" O'Connor v. Consol. Coin

Caterers Corp. 116 S. Ct. 1307, 1310 (1996) (quoting Int'l Bhd. of Teamsters v. United States, 97 S. Ct. 1843, 1866 (1977)).

"As the very name 'prima facie case' suggests, there must be at least a logical connection between each element of the prima facie case and the illegal discrimination for which it establishes a 'legally mandatory, rebuttable presumption.'" O'Connor, 116 S. Ct. at 1310 (internal quotations omitted) (quoting Tex. Dep't of Cmty. Affairs v. Burdine, 101 S. Ct. 1089, 1094 n.7 (1981)). Evidence of age-based animus may consist of such things as disparate treatment of plaintiff vis-a-vis younger workers, or age-focused comments by decision-makers. *See, e.g.*, Machinchick, 398 F.3d at 353-54 (inferring discrimination from employer's vice president giving written notice to several employees that he intended to go forward with his plan to "strategically hire some younger engineers and designers," references to plaintiff's inflexibility and unwillingness to adapt to change, queries as to when he intended to retire, and from evidence that a younger, similarly-situated employee was not also terminated); Taylor v. Brinker Int'l, Inc., No. 3:04-CV-0746-P, 2006 WL 453209, at *4 (N.D. Tex. Feb. 24, 2006) (holding plaintiff's prima facie burden was established by "indirect references" to plaintiff's age during a performance review and evidence of more favorable treatment of younger workers). Here, Goodfriend has alleged no facts to support her suspicions of age-based discrimination, and, indeed, in her

oral deposition admitted that her claim is based on conjecture and her subjective beliefs:

> **Goodfriend:** [T]he only thing that I can surmise from this is that I'm sure that I'm at least as good as other . . . teachers in other similarly situated school districts throughout the State of Texas. So it has to be age, since there's really nothing else.
>
> . . .
>
> **Q:** Is it your testimony that you feel like . . . your civil rights have been violated because you can think of no other explanation as to why the school district wanted to terminate you?
>
> **Goodfriend:** Right. . . .
>
> . . .
>
> **Q:** So your contention is that based on your perception of what was going on at the school, you felt like age was a factor in . . . the recommendation to terminate you?
>
> **Goodfriend:** In the school and in the district.
>
> **Q:** Okay. And that's based on your own belief?
>
> **Goodfriend:** Yes. And the evidence of all these witnesses I'm going to present in court.
>
> . . .
>
> **Q:** So you filed this lawsuit based on speculation and conjecture of what you think the evidence is going to show?
>
> **Goodfriend:** I'm sure the evidence will show it. But yes.

*See* Document No. 21 ex. A-3 64:13-18; 65:18-22; 67:17-25; 70:10-13.

It is well-established that such "bald assertions of . . . discrimination are inadequate to permit a finding that proscribed discrimination motivated [the employer's] action against [the employee]." Ray v. Tandem Computers, Inc., 63 F.3d 429, 435 (5th Cir. 1995); E.E.O.C. v. La. Office of Cmty. Servs., 47 F.3d 1438, 1448 (5th Cir. 1995) ("[A]n employee's subjective belief of discrimination, however genuine, cannot be the basis of judicial relief."). *See also* Chavarria v. Despachos Del Notre, Inc., 390 F. Supp. 2d 591, 598 (S.D. Tex. 2005) (holding that a plaintiff's conclusory and unsupported statements, including her assertion that age was "obvious[ly]" behind her termination, were not sufficient to establish the fourth element of a prima facie case). Goodfriend also contends that the sheer volume of documentation of her deficiencies betrays Defendant's discriminatory intent, in light of her previously unmarred performance record, and views a letter she sent to McSwain requesting assistance for a physical impairment as the "triggering point of the defendant's decision to formulate a plan to terminate" her employment.  Document No. 27 at 12-13. These allegations are wholly unsubstantiated, and, even if assumed true, do not indicate that her age, rather than some other consideration, motivated Defendant's actions.

Finally, Goodfriend alleges instances of arbitrary and unfair treatment, including (1) the scheduling of a teaching appraisal on a day when her classroom was flooded; (2) the distribution of a

10

student questionnaire to Goodfriend's students soliciting opinions of her teaching for the purported purpose of eliciting constructive feedback on Goodfriend's behalf but which occurred only days before she was informed of her termination; and (3) more favorable treatment of other, unidentified teachers who committed similar infractions.  *See* id. at 13-15, 17-18, 19.  Conspicuously absent, however, is any evidence that age animus was the motivation behind these actions.  As the Fifth Circuit explains, "the ADEA was not created to redress wrongful discharge simply because the terminated worker was over the age of forty.  A discharge may well be unfair or even unlawful yet not be evidence of age bias under the ADEA."  Moore v. Eli Lilly & Co., 990 F.2d 812, 819 (5th Cir. 1993); *accord* Bienkowski v. Am. Airlines, Inc., 851 F.2d 1503, 1508 (5th Cir. 1988) ("The ADEA cannot protect older employees from erroneous or even arbitrary personnel decisions, but only from decisions which are unlawfully motivated.").  *See also* O'Connor, 116 S. Ct. at 1310 ("The discrimination prohibited by the ADEA is discrimination '*because of* [an] individual's age . . . .'" (quoting 29 U.S.C. § 623(a)(1))) (emphasis added).  Thus, the presumption of discrimination created by a prima facie case is supportable only if the evidence permits a logical inference that age was a factor in the adverse employment decision.  *See* O'Connor, 116 S. Ct. at 1310. By failing to present any such evidence, Goodfriend has not sustained her prima facie burden, and her age discrimination claims

11

under the ADEA and TCHRA must be dismissed.  *See, e.g.*, <u>Chavarria</u>, 390 F. Supp. 2d at 600 (holding the failure to establish a prima-facie case required dismissal of both the ADEA and TCHRA claims).

## IV.  <u>Order</u>

For the reasons set forth, it is hereby

ORDERED that Defendant Houston Independent School District's Motion for Summary Judgment (Document No. 21) is GRANTED, and Plaintiff Meryl B. Goodfriend's claims are DISMISSED on the merits.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 30th day of November, 2006.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE